MEMORANDUM **
California state inmate Devin Murphy appeals the district court’s denial of his 28 U.S.C. § 2254 habeas petition. He challenges his sentence on the ground that the trial court lacked sufficient evidence to find that his prior burglary conviction qualified as a “serious prior felony” warranting a five-year sentence enhancement under California’s Three Strikes law. See *825 CaLPenal Code §§ 667(a)(1), (b)-(i); 1170.12(a)-(d). That law includes first-degree but not second-degree burglary within the definition of a serious prior felony. Id. at § 1192.7(c)(18).
The prosecution submitted two exhibits in support of its contention that Murphy’s prior conviction was for first rather than second-degree burglary. The first exhibit included Murphy’s booking card, which, as the California Court of Appeal observed, could not and does not indicate the charge to which he ultimately pled guilty. The second exhibit is a minute order contained in the record of the underlying offense. The minute order offers the judge’s explanation regarding the unusual circumstance that justified probation in this case. The state appellate court concluded that the minute order alone was sufficient for the trial court to have found that Murphy had been convicted of first-degree burglary because applicable state law required that a grant of probation for a first-degree but not second-degree burglary conviction be expressly justified by the presence of unusual circumstances. See CaLPenal Code §§ 460(a), 462(a)-(b).
An inference as to the nature of Murphy’s underlying offense based on the court’s explanation of its decision to grant him probation constitutes speculation insufficient to support the conclusion that he had been convicted of first-degree burglary. The judge could well have decided to offer an explanation for his decision to grant probation following a conviction for second-degree burglary, even though state law did not require him to do so. Neither the state appellate court nor the prosecution contends that any additional evidence as to Murphy’s prior conviction was contained in the record before the trial court. We hold that the absence of evidence concerning Murphy’s underlying offense makes it objectively unreasonable for the state appellate court to have concluded that any rational trier of fact could have found that he was convicted of a serious prior offense qualifying him for the recidivist sentence enhancement under California’s Three Strikes law. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Accordingly, we reverse the denial of habeas relief and remand to the district court with instructions to grant the writ of habeas corpus unless the state court undertakes resentencing proceedings within a reasonable time to be determined by the district court.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.